WHITMORE *vs*, RIDER.

If a report of referees be set aside by the County Court, no advantage can be taken of such report, in any subsequent trial of the cause, either in the County, or Supreme Court.

Whether a report of Referees, ought to be accepted or set aside, is a question wholly in the legal discretion of the Court, to which it is made, and cannot be reversed by writ of error, or otherwise.

THIS was an action of *assumpsit,* originally commenced before the County Court. By a rule of that Court, the cause was, by consent of parties referred to R. Hatch, J. Dorr and N. Gere. At the time appointed for the reference, N. Gere, one of the Referees, was absent, and the parties, by an agreement in writing, substituted William Wait in the place of N. Gere. Reuben Hatch, J. Dorr and W. Wait, proceeded to hear the parties, on the 13th day of February, 1813, and made a report to the next March term of the County Court, in favor of the defendant. On motion of the plaintiff's Counsel, the Court set aside the report, principally, on the ground that, such substitution of a person as referee, in the place of a referee, appointed by the Court, was not binding upon the parties. Whereupon T. Hutchinson, counsel for the defendant filed a bill of exceptions, which was signed by the judges, and came up with the record. After the bill of exceptions was filed, the cause was continued to the next Sept. term of the said Court ; at which term the defendant pleaded (as after the last continuance) the report of the Referees, which had been set aside, as an award of arbitrators on a parol submission of the parties. To which plea, C. Marsh, Counsel for the plaintiff, replied, setting forth the rule of reference as before stated, the substitution of W. Wait, as a referee, in the place of N. Gere, the report of the Referees, and that the report was set aside by the Court : and averred that this was the same submission and award set forth in the plea.

To this replication there was a demurrer and joinder ; and the County Court rendered judgment for the defendant ; from which judgment the plaintiff entered an appeal to this Court.

And now Hutchinson for the defendant, moved this Court to accept the aforesaid report of the referees, made to the County Court, on the ground, that the facts stated in the bill of exceptions, and appearing on the record, warranted such acceptance, and a judgment on the report in favor of the defendant.

*By the Court.* There can be no foundation for the motion : the filing of the bill of exceptions, in this case, is a strange irregularity. Whether a report of referees ought to be accepted or set aside, is a question wholly in the legal discretion of the Court to which it is made ; and it is not examinable elsewhere in any shape    As well might the decision of a Court in granting or refusing a new trial be re-examined in another Court.

But, in this case, the defendant, had, after the bill of exceptions was filed, pleaded to the action ; an issue of law was joined, and the County Court rendered judgment thereon in favor of the defendant ; the bill of exceptions was abandoned, and the cause stands for trial before this Court, on the pleadings closed in the County Court, and on which that Court rendered judgment.

The defendant takes nothing by this motion.

The pleadings were afterwards withdrawn, by consent of parties and the general issue pleaded.